IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BURLINGTON PLACE, LLC;<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED SKYS, LLC; DONALD HEMPSON; JEFFREY D. ELLIS; and WILLIAM V. GLASTRIS JR.,<br><br>　　　　　　Defendants. | 8:19CV554<br><br><br>ORDER |

　　　　This matter is before the Court on the Motion for Alternative Service and for Additional Time to Effect Alternative Service (Filing No. 62) filed by the plaintiff, Burlington Place, LLC. Plaintiff moves the Court for an order approving alternative service on Defendant, Donald Hempson, "by leaving the process at Hempson's usual place of residence, mailing a copy by first-class mail to Hempson's last-known address, and mailing a copy by first-class mail to Hempson's likely attorney, Daniel J. Epstein." Plaintiff asks for an additional thirty days to effect such alternative service.

　　　　Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Under Nebraska law, "[a]n individual . . . may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01(1). The court may authorize a plaintiff to use an alternative form of service of process, including "leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address," or "by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard," upon a showing that "service cannot be made with reasonable diligence by any other method provided by statute." Neb. Rev. Stat. § 25-517.02.

　　　　After review of the Plaintiff's motion, brief, and affidavit (Filing Nos. 62-64), the Court finds that Plaintiff and its attorneys, after making diligent investigation and inquiry, are unable to serve Hempson by traditional methods provided by Nebraska law, and will authorize Plaintiff's

request for alternative service. Plaintiff's counsel avers that the Racine County Sheriff's Office and private process servers have made more than ten attempts to serve Hempson with process by personal and/or residential service. On several attempts, although it appeared someone was at the residence, no one answered the door. Plaintiff has also attempted to serve Hempson by certified mail, but due to the United States Post Office's modified procedures caused by COVID-19, Nebraska's signature requirement for service by certified mail cannot be satisfied. Plaintiff requests that the court authorize alternative service upon Hempson as provided by [Neb. Rev. Stat. § 25-517.02](). Upon consideration,

**IT IS ORDERED:** that Plaintiff's Motion for Alternative Service and for Additional Time to Effect Alternative Service (Filing No. 62) is granted. Plaintiff shall have an extension of time to **June 12, 2020**, to accomplish service upon defendant Donald Hempson by leaving process at his usual place of residence, mailing a copy by first-class mail to his last-known address, and mailing a copy by first-class mail to his likely attorney.

Dated this 14th day of May, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge